## LOFINK v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Division, Second Department. June 9, 1905.)

1. CARRIERS—INJURIES TO PASSENGERS—EVIDENCE OF INJURY—SUFFICIENCY.

In an action against a street railroad for injuries to a passenger resulting from a collision, evidence *held* sufficient to authorize a finding that plaintiff was physically injured, and not merely frightened, by the collision.

2. DAMAGES—PERSONAL INJURIES—PLEADING—EVIDENCE.

Proof of uterine trouble, consisting of irregularity of menses, is admissible under an allegation of severe injury to the person, as the result of which plaintiff was made "sick, sore, and disabled," notwithstanding subsequent specific allegations of a severe shock to the nervous system, headaches, and dizziness.

3. SAME—EXCESSIVE VERDICT.

In an action for injuries to a passenger caused by a collision, there was evidence that, while there were no bruises or outside indications of injuries, plaintiff had suffered severe pain in her spine, had become nervous, sick, and dizzy, and had disclosed symptoms of internal injuries. There was also evidence of uterine trouble, consisting of irregularities of menses. *Held*, that a verdict for $500 was not excessive.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Damages, § 365.]

Appeal from Municipal Court of New York.

Action by Tillie E. Lofink against the Interborough Rapid Transit Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BARTLETT, JENKS, HOOKER, RICH, and MILLER, JJ.

Sidney Smith (G. T. Goldthwaite, on the brief), for appellant.
Herman Gottlieb, for respondent.

JENKS, J. The plaintiff recovered a verdict of $500 for personal injuries. To sustain it, I think that she is not bound to maintain the proposition (perhaps still debatable. See Pronk v. Brooklyn Heights R. Co., 68 App. Div. 390, 74 N. Y. Supp. 375) that a passenger may recover damages for fright without proof of any immediate personal injury. For in this case the evidence justifies a finding that the plaintiff suffered immediate physical injury as the direct consequence of the collision. The plaintiff testified that she fell forward, and that her "back was struck by the seat," though she did not strike her back when she first fell. She further testifies that she felt severe pain in her spine, symptoms of internal injuries, and she became nervous, dizzy, and sick. She admits that there were no bruises or outside signs of the accident, but physical injury may be inflicted without them. Her family physician, who was not told of the accident until the second call, found her nervous, hysterical, and apparently suffering from costal nervous trouble. The physician who examined her shortly before trial found a tender spot near to the sacrum, and above it, and symptoms of internal injuries. There is evidence both that her ailments did not exist before the accident, and that the collision, with its physical consequences to her, might be the cause thereof. It could not be determined, as a

matter of law, that there was no evidence of an immediate physical injury.

I think that it was not error to admit under the pleading testimony that the plaintiff suffered from irregularity of menses. One physician testifies that the tenderness found near the sacrum was an indication of uterine trouble; that he found a tenderness in front, over the uterine region; and that this condition could be produced by a jar or a blow. Proof of uterine trouble was admissible under the general allegation that "she sustained severe injury to her person, and, as the result of such injury, she was made sick, sore, and disabled." Ehrgott v. Mayor, etc., of City of N. Y., 96 N. Y. 264, 48 Am. Rep. 622, approved in Kleiner v. Third Avenue R. Co., 162 N. Y. 193, 56 N. E. 497. The subsequent specific allegations of injury in the complaint are, "and has suffered and still suffers a severe shock to her nervous system, and was made to suffer from nervousness and headaches and dizziness." The specifications plainly refer only to the injury to her nervous system, and in no way limit or define the "injuries to her person, whereby she was made sick, sore, and disabled." These remain pleaded in general terms, and therefore the rule as laid down in Piltz v. Yonkers Railroad Co., 83 App. Div. 30, 82 N. Y. Supp. 220, and cases there cited, does not apply. We think that the damages were not excessive.

The judgment must be affirmed, with costs. All concur, except HOOKER, J., not voting.